# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

JASON DARNELL PAYTON  
ADC #142389                                                                                    PLAINTIFF

v.                                    Case No. 2:18-cv-00116-KGB-BD

M. BARNETT, *et al.*                                                                           DEFENDANTS

## ORDER

Jason Darnell Payton, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit *pro se* pursuant to 42 U.S.C. § 1983. Before the Court are two Partial Recommended Dispositions submitted by United States Magistrate Judge Beth Deere (Dkt. Nos. 5, 21). Plaintiff Mr. Payton filed objections to both Partial Recommended Dispositions (Dkt. Nos. 6, 24). After careful review of the Partial Recommended Dispositions, a *de novo* review of the record, and a review of the objections, the Court adopts the Partial Recommended Dispositions as its findings in all respects (Dkt. Nos. 5, 21).

### I. The First Partial Recommended Disposition

Judge Deere recommends the dismissal of Mr. Payton's retaliation claims because Mr. Payton does not allege that he engaged in any constitutionally protected activity. *See Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007) (noting that, to allege a retaliation claim, plaintiff must allege that he or she engaged in protected activity). The Court agrees that Mr. Payton's original complaint fails to state a claim for retaliation, and the Court therefore dismisses Mr. Payton's retaliation claims.

Judge Deere also recommends the dismissal without prejudice of Mr. Payton's claims against law library staff member Roebuck, grievance officer Taylor Bridney, and Chaplain Bishop Thomas. The Court agrees that Mr. Payton's original complaint fails to allege any facts explaining

how those individuals violated his constitutional rights. Accordingly, the Court dismisses without prejudice Mr. Payton's claims against Mr. Roebuck, Ms. Bridney, and Mr. Thomas.

## II. The Second Partial Recommended Disposition

Following Judge Deere's initial Partial Recommended Disposition, defendants moved to dismiss Mr. Payton's deliberate indifference claims (Dkt. No. 14). Mr. Payton responded to the motion, which Judge Deere construed as an amended complaint (Dkt. No. 19). Judge Deere then denied defendants' motion to dismiss as moot (Dkt. No. 20). After screening Mr. Payton's claims under the Due Process and Equal Protection Clauses of the Fourteenth Amendment as set forth in his amended complaint, Judge Deere issued a second Partial Recommended Disposition in which she recommends that Mr. Payton's due process and equal protection claims be dismissed without prejudice (Dkt. No. 21).

Judge Deere recommends dismissal without prejudice of Mr. Payton's due process claims because he failed to allege that his conditions of confinement rise to the level of a denial of a protected liberty interest (Dkt. No. 21, at 2-3). In his objection, Mr. Payton argues that his removal from a prison program without explanation rises to the level of a denial of a liberty interest (Dkt. No. 24, at 6). Mr. Payton also argues that his due process rights have been violated because he has become addicted to synthetic marijuana while incarcerated (*Id*., at 7). He further argues that his due process rights have been violated by being placed in administrative segregation (*Id*., at 11). After reviewing Mr. Payton's amended complaint and his objections to Judge Deere's second Partial Recommended Disposition, the Court concludes that Mr. Payton has failed to state due process violation claims for which relief may be granted.

To allege a colorable claim under the Due Process Clause of the Fourteenth Amendment, Mr. Payton must allege conditions that "constitute an atypical and significant hardship in relation

to the ordinary incidents of prison life so as to give rise to a constitutionally protected liberty interest." *Sanchez v. Earls*, 532 Fed. App'x 577, 579 (8th Cir. 2013) (citations omitted). The Due Process Clause does not protect prisoners from every adverse change in their confinement and does not, itself, create a protected liberty interest in any particular prison classification. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); *see Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (per curiam) (holding prisoner has no constitutional right to a particular housing unit). With respect to Mr. Payton's due process claims, while the Court acknowledges Mr. Payton's claims that drug use is rampant in the ADC's facilities, the Court concludes that this conclusory allegation fails to allege that any of the conditions of his confinement constitute an atypical and significant hardship in relation to the ordinary incidents of prison life.

Judge Deere also recommends dismissal without prejudice of Mr. Payton's equal protection claims (Dkt. No. 21-3). In his objection, Mr. Payton argues that the ADC's Brinkley Unit environment contains the drug synthetic marijuana (Dkt. No. 24, at 8). Mr. Payton states that other inmates who have been caught under the influence of synthetic marijuana have been "locked up" for their own safety, and he argues that he was denied similar treatment (*Id*.). Mr. Payton also argues that other inmates who are "a threat to [themselves] or others" are placed in "safe and secure environments . . . under direct watch . . . ." (*Id*., at 9). Mr. Payton alleges that he sought a place to be secured and that he "was treated differently and unequally." (*Id*., at 9). The Court concludes that Mr. Payton has failed to allege that he "was treated differently than similarly situated inmates." *Sanchez*, 534 Fed. App'x at 579 (citing *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 815 (8th Cir. 2008). While Mr. Payton has alleged how other inmates have been treated differently—by being placed under direct watch or segregation—he has not alleged how those inmates are similarly situated to him. Instead, Mr. Payton has alleged that he is addicted to synthetic marijuana

and has been denied his requests for administrative segregation; he does not allege that any other individuals who are addicted to such substances and situated similarly to him have received different treatment. Accordingly, the Court concludes that Mr. Payton has failed to allege that he was treated differently than similarly situated inmates, and the Court therefore dismisses without prejudice his equal protection claims.

Finally, Judge Deere recommends dismissal without prejudice of Mr. Payton's claims under the Universal Declaration of Human Rights (Dkt. No. 21, at 3). The Court agrees, as the Universal Declaration of Human Rights does not provide a right of action in federal court. *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734-35 (2004). The Court therefore dismisses without prejudice Mr. Payton's claims under the Universal Declaration of Human Rights.

It is therefore ordered that:

1. The Court adopts the Partial Recommended Dispositions as its findings in all respects (Dkt. Nos. 5, 22);

2. Mr. Payton's retaliation claims are dismissed without prejudice;

3. Mr. Payton's claims against Mr. Roebuck, Ms. Bridney, and Mr. Thomas are dismissed without prejudice;

4. Mr. Payton's claims under the Due Process Clause of the Fourteenth Amendment are dismissed without prejudice;

5. Mr. Payton's claims under the Equal Protection Clause of the Fourteenth Amendment are dismissed without prejudice;

6. Mr. Payton's claims under the Universal Declaration of Human Rights are dismissed without prejudice.

So ordered this the 30th day of August 2019.

_____
Kristine G. Baker
United States District Judge