## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**JASON DARNELL PAYTON**                                                                                    **PLAINTIFF**
**ADC #142389**

v.                                    Case No. 2:18-cv-00116-KGB-BD

**M. BARNETT,** *et al.*                                                                                    **DEFENDANTS**

### ORDER

Jason Darnell Payton, an Arkansas Department of Correction ("ADC") inmate at the time, filed this lawsuit *pro se* pursuant to 42 U.S.C. § 1983 (Dkt. Nos. 2, 20, 40). Pending before the Court are defendants' Jeremy Andrews, Marvin Barnett, James Dycus, Wendy Kelley, and David Knott's motion for partial summary judgment on exhaustion and a Partial Recommended Disposition submitted by United States Magistrate Judge Beth Deere (Dkt. Nos. 56, 60). Mr. Payton filed a document entitled, "Opposing For Partial Summary Judgment" with the Court on May 21, 2020 (Dkt. No. 64). The Court will consider the filing as an untimely response to defendants' motion for partial summary judgment on exhaustion and an untimely objection to the Partial Recommended Disposition (Dkt. No. 64). .

In his objection, Mr. Payton claims that grievance officials "sabotage[d] timely grievances," that "verbal exhaustion was used when the need to file level Grievance did not seem fit unto the intended official [who] failed to remedy the problem," that officials transferred him to another unit to prevent him from exhausting his grievances, and that "[e]very defendant is in awareness of Plaintiff['s] substance abuse." (Dkt. No. 64, at 1).

As Judge Deere states in her Partial Recommended Disposition, the statute requires the Court to dismiss any claim that is not exhausted fully under the correctional facility's grievance policy prior to filing a complaint. *See* 42 U.S.C. § 1997(e)(a); *see also Woodford v. Ngo*, 548 U.S.

81, 90 (2006) (exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly").  There are exceptions to the exhaustion requirement.  For example, prisoners can be excused from exhausting administrative remedies when correction officials have prevented them from using grievance procedures or when officials have themselves failed to comply with administrative procedures.  *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001); *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001).  The exceptions to the exhaustion requirement are few.  An inmate's subjective belief about the effectiveness of the grievance process does not excuse a failure to exhaust nor does confusion about the requirements for exhaustion.  *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

The Court has reviewed Mr. Payton's objection as well as the grievance documents that he attached to the objection.  Additionally, the Court has reviewed Mr. Payton's notarized statements from March and April 2020.  Although the Court has reviewed and considered all of the documents, none of the filings contradict Judge Deere's Partial Recommended Disposition or persuade this Court to modify or reject her Partial Recommended Disposition.

Mr. Payton contends that "[o]n the 10th of April 2018 during the process of filing level Grievance, Plaintiff was shipped to Wrightsville Unit, slowing the process of his filing, just to be shipped back to Brickeys an act of retaliation again to slow down the process of numerous level grievances." (Dkt. No. 64, at 2).  Mr. Payton's argument that his transfer to the Wrightsville Unit excuses his failure to exhaust against the defendants fails because, as set forth below, his transfer did not make the grievances he references untimely.

Mr. Payton attaches to his objection documentation of grievance EAM 18-707, dated March 15, 2018[1] (Dkt. No. 64, at 8-10). The Unit Level Grievance Form indicates that Mr. Payton completed step one of the grievance process on March 15, 2018, and step two of the grievance process on March 26, 2018 (*Id*., at 8). Mr. Payton appealed the denial of his grievance at step two on March 27, 2018, and his appeal was received and rejected on April 4, 2018 (*Id*., at 9-10). Mr. Payton completed the entire grievance process for grievance EAM 18-707 before he was transferred to the Wrightsville Unit.

Mr. Payton attaches to his objection documentation of grievance EA 18-634, dated April 6, 2018 (*Id*., 20-23). The substance of the grievance appears to the Court to be identical to EAM 18-1063, which is addressed in Judge Deere's recommended disposition (*Id*., at 15, 20). According to the declaration of Inmate Grievance Supervisor Terri Grigsby-Brown, attached to the motion for summary judgment on exhaustion, EAM 18-1063 was denied as untimely because Mr. Payton filed the grievance on April 6, 2018, but he grieved that he used synthetic marijuana on November 19, 2017; thus, Mr. Payton's grievance did not comply with the policy that a grievance must be filed within 15 days from the date of the alleged incident (Dkt. No. 56-1, ¶ 23). To the extent that Mr. Payton argues that his transfer to the Wrightsville Unit on April 10, 2018, prevented him from timely pursing an appeal of the step one denial of his grievance, Mr. Payton's argument lacks merit. Prison officials did not deem either grievance EA 18-634 or EAM 18-1063 as untimely

---

[1] The Court notes that in grievance EAM 18-707, attached to Mr. Payton's objection, Mr. Payton complains that he verbally informed defendant Warden Branch on several different occasions of his need for help with his addiction to synthetic drug, but Mr. Payton contends that she did not give the matter proper attention and that he has not received "any medical or proper mental evaluation" (Dkt. No. 64, at 8). The Court assumes that the grievance was not referenced in the declaration of Inmate Grievance Supervisor Terri Grigsby-Brown, attached to the motion for summary judgment on exhaustion, because Warden Branch is the only person named in the grievance and because defendant Warden Branch is not seeking summary judgment on exhaustion.

appealed, but rather both grievances, which were initiated by Mr. Payton prior to his transfer, were deemed untimely because Mr. Payton did not initiate the grievance process within 15 days from the date of the alleged incident (Dkt. Nos. 56-1, ¶ 25; 64, at 16, 21).

Mr. Payton attaches to his objection documentation of grievance EAM 18-1064, dated April 2, 2018 (*Id*., at 11-14). In the grievance, Mr. Payton complains about prison officials' handling of his grievances, and the grievance was rejected as untimely (*Id*., at 11-13). In this case, Mr. Payton is proceeding on a claim that defendants were deliberately indifferent to his health needs and not a claim that prison officials mishandled his grievances. Grievance EAM 18-1064 is not relevant to an issue in this case and does not name any of the defendants in this case. Mr. Payton's subjective beliefs about the grievance process in general and the record before the Court currently do not excuse Mr. Payton's failure to exhaust his deliberate indifference claim against the separate defendants who move for summary judgment on exhaustion.

Mr. Payton attaches to his objection documentation of grievance EAM 18-1178, dated April 2, 2018 (Dkt. No. 64, at 27-29). The grievance appears to the Court to be substantively identical to EAM 18-1064 (*Id*., at 11, 27). As in grievance EAM 18-1064, in grievance EAM 18-1178 Mr. Payton complains about prison officials mishandling his grievances, and the grievance was rejected as untimely (*Id*., at 127-28). Mr. Payton also attaches an unnumbered Unit Level Grievance Form, dated May 21, 2018, which Mr. Payton appears to have only exhausted through step one of the grievance process (*Id*., at 30). In the unnumbered grievance, he complains about prison officials mishandling grievance EA 18-634. Mr. Payton's complaints that prison officials mishandled his grievances in EAM 18-1178 and in the unnumbered grievance dated May 21, 2018, are not relevant to an issue in this case, and these grievances do not name any of the defendants in

this case. Mr. Payton's subjective beliefs about the grievance process in general do not excuse his failure to exhaust his deliberate indifference claim against the defendants.

Mr. Payton's claim that he verbally made all of the defendants aware of his substance abuse prior to filing his complaint does not meet his burden under the statute (*Id*., at 4). After careful consideration of the Partial Recommended Disposition, the objection, and a *de novo* review of the record, the Court adopts the Partial Recommended Disposition as its findings in all respects (Dkt. No. 60). As a result, the Court grants defendants' motion for partial summary judgment (Dkt. No. 56). The Court dismisses without prejudice Mr. Payton's claims against separate defendants Mr. Andrews, Mr. Barnett, Mr. Dycus, Director Kelley, and Mr. Knott based on Mr. Payton's failure to exhaust fully his administrative remedies before filing this lawsuit (Dkt. No. 2, 20, 40).

It is therefore ordered that:

1. The Court adopts the Partial Recommended Disposition as its findings in all respects (Dkt. Nos. 60);

2. The Court grants defendants' motion for partial summary judgment (Dkt. No. 56); and

3. The Court dismisses without prejudice Mr. Payton's claims against Mr. Andrews, Mr.. Barnett, Mr. Dycus, Director Kelley, and Mr. Knott for failure to exhaust fully his administrative remedies before filing this lawsuit. Mr. Payton's claims against remaining separate defendant Warden Emmer Branch may proceed.

So ordered this the 8th day of February, 2021.

Kristine G. Baker
United States District Judge

5